IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

BALFORD O. EVANS             *
                             *      Civil No. AW-08-0068
v.                           *      Crim No. AW-06-0415
                             *
                             *
UNITED STATES OF AMERICA.    ******

## MEMORANDUM OPINION

Before the Court is a Motion/Petition by the Petitioner/Defendant, Balford O. Evans, for relief pursuant to 18 U.S.C. § 2255. Petitioner was indicted by a federal grand jury on September 18, 2006. On March 2, 2007 and pursuant to a written plea agreement (Dated February 23, 2007), Petitioner entered a guilty plea to a one count indictment charging Petitioner with distribution of 500 grams or more of cocaine in violation of 21 U.S.C. § 841. Thereafter on May 7, 2007, Petitioner was sentenced to 60 months followed by 4 years of supervised release. No appeal was filed.

In his instant motion, Petitioner presents five issues or grounds that he contends entitle him to relief. First, Petitioner asserts that he was entitled to and qualified for the "safety valve" provisions under 18 U.S.C 3553 (f) and under section 5C1.2 of the sentencing guidelines. Second, Petitioner claims that he was denied his rights under the Speedy Trial Act and under Rule 45 of the Federal Rules of Criminal Procedure. Third, Petitioner argues that he was improperly held in immigration detention which violated the Speedy Trial Act and the Bail Reform Act. Fourth, Petitioner claims that the representation by his counsel amounted to the ineffective assistance of counsel. Finally, Petitioner suggest that his counsel acted improperly by being both retained by Petitioner and also being appointed as attorney for Petitioner under the Criminal Justice Act.

Preliminarily, the Court agrees with the Government that Petitioner has defaulted on his first three claims ( the safety valve, and the two speedy trial issues). Petitioner did not raise these issues

before this Court at the trial stage, nor did Petitioner present these claims to the Fourth Circuit on appeal. Moreover, there is no basis to find that these procedural defaults are excused inasmuch as the record herein is bereft of "cause and actual prejudice" for the default, the relevant standard set forth in United States v. Frady, 456 U.S. 152, 168 (1982). In addition, Petitioner entered a guilty plea, acknowledging that he knowingly delivered some 967.4 grams of cocaine to a confidential source while under the surveillance by law enforcement officers. In fact, not only did Petitioner accept the stipulated facts to support the guilty plea but in his rely (page two, 2nd paragraph) to the Government's response to the Motion under § 2255, Petitioner concedes his guilt and indicates that he does not dispute his guilt as described in the plea agreement. Petitioner makes no claims of innocence. Accordingly, for all of these reasons, the Court determines that these three claims have been waived.

Before addressing the fourth claim regarding the ineffective assistance of counsel, the Court notes that Petitioner's counsel is not on the court's criminal justice panel, and was not appointed as Petitioner's counsel under the Criminal Justice Act. While the docket reflects that Petitioner was represented at his initial appearance on September 1, 2006 by the Office of the Federal Public Defender, it is clear from the docket that on October 17, 2006 Petitioner's attorney entered his appearance as counsel for Petitioner. Any docket entry thereafter which reflects that Petitioner's counsel was still being represented by the Federal Public Defender or by appointment under the Criminal Justice Act would be an erroneous entry. Therefore, Petitioner's claim that his counsel was both court appointed and retained is devoid of merit.

Finally, Petitioner claims that he was denied the effective assistance of counsel based upon

his counsel's failure to investigate, failure to file a timely notice of appeal, failure to object to the Petitioner's arrest warrant, by alleged improper requests by his counsel for continuances, failure of his counsel to negotiate in Petitioner's best interest, and based upon his counsel having waived Petitioner's eligibility to the safety valve. With respect to the claims by Petitioner that his counsel was ineffective, the Court reviews his allegations under the well established standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), under which a claimant must establish the two prong standard of deficient performance and prejudice. In other words, in order to succeed on his claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient in that counsel made errors so serious that he ceased to function as a counsel within the meaning of the Sixth Amendment, and that the alleged deficient performance prejudiced the defense. Id.

More specifically, Petitioner claims that his counsel: Failed to file additional motions beyond what was filed; failed to investigate the facts, Petitioner's history and the events leading up to this case; failed to ascertain whether the arrests warrants were proper and legal; improperly filed frivolous requests for continuances; failed to negotiate a beneficial plea agreement for Petitioner; improperly proffered Petitioner's watches, diamond ring and gold chain for forfeiture; and failed to argue for the safety valve provision. All of these assertions are general claims bereft of detail, specificity or substance. The Court is of the view that beyond Petitioner's self-serving declarations and opinions, these allegations are but mere bald allegations with no support in the record.

The docket reflects one continuance of the December 19, 2006 trial date in order for the parties to explore a plea option. A re-arraignment (plea hearing) was scheduled for January 23, 2007 but was postponed at the behest of Petitioner's attorney who requested a pre-plea investigation of

Petitioner's record. The Court granted the request for a pre-plea investigation and also scheduled a trial new date for February 27, 2007. Prior to trial, the parties notified the Court that they had reached a plea agreement and the matter was set in for a Rule 11 proceeding (plea) which was held on March 2, 2007. Petitioner signed the plea agreement, and was thoroughly examined by the Court pursuant to Rule 11. The Court determined that Petitioner wanted to pled guilty, negotiated a guilty plea to limit his exposure under the sentencing guidelines, understood the consequences of pleading guilty, understood the sentencing options, was satisfied with his attorney, had no complaints about anything, agreed to the forfeiture, and waived his rights to an appeal. In short, the Court determined that Petitioner made a knowing and voluntary decision to plead guilty after having waived his constitutional rights, and that there was an adequate factual basis (which Petitioner accepted as true) to support the guilty plea.

What we have here is a situation where Petitioner, with the assistance of his counsel, bargained for a sentence well below his initial exposure under the Guidelines. Further, Petitioner advised the Court under oath and pursuant to the Rule 11 colloquy that he understood all of his rights and had reached a decision to plead guilty. The Court does not believe on this record that Petitioner has made any showing that counsel's performance was legally deficient nor is there any evidence of prejudice pursuant to the Strickland standard with respect to the claims set forth above. Accordingly, with respect to those claims, Petitioner's ineffective assistance of counsel claim must fail.

Lastly, there is one remaining claim of ineffective assistance of counsel which the court did not include in its discussion above. Although Petitioner in the plea agreement and in response to the Court's colloquy with him, waived his right to appeal, and although it is likely that the Government would have filed and will likely file a motion to dismiss any appeal noted by Petitioner, nevertheless,

Petitioner claims that he instructed his attorney to file an appeal. It is clear that no appeal was filed. The Government has submitted as part of its response to this Motion under § 2255 an affidavit from Petitioner's counsel who indicated that Petitioner did not request an appeal. In the absence of anything more in the record other than the respective diametrically opposed assertions by Petitioner and his counsel, the Court does not believe it can resolve this dispute and determine credibility without conducting a hearing. Accordingly, the Court will schedule a hearing solely on the issue of whether Petitioner instructed his counsel to file an appeal.

In sum, the Court has reviewed the current pleadings and the entire files relative to the present Motion as well as the underlying criminal case. The Court finds that with the exception of the one issue which remains to be resolved in a hearing, Petitioner has not demonstrated a legal and cognizable basis for relief on the other issues. Accordingly, as to those issues, the Petitioner's Motion pursuant to § 2255 is DENIED. A separate Order will be issued.

Date: September 4, 2008

_____
Alexander Williams, Jr.
United States District Judge